UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERNESTO OLIVO,

                          Plaintiff,

              -against-

JANE OR JOHN DOE, *et al.*,

                          Defendants.

19-CV-9339 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently incarcerated at the Federal Medical Center in Rochester, Minnesota, brings this *pro se* action under the Federal Tort Claims Act, alleging that Defendants transported him, a paraplegic, in a non-wheelchair-accessible vehicle on multiple occasions. By order dated November 15, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 30 days of the date of this order.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1). Plaintiff did not file a prisoner authorization with his complaint. After the Court ordered him to do so, he filed his authorization on October 28, 2019.

636, 639 (2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are taken from the complaint: On an unspecified date, at an unspecified location, prison officials "transported [Plaintiff] in a van to medical appointments and to and from the courthouse without certifying a [Bureau of Prisons' form] stating that he was

in a stable medical condition." (ECF No. 2, at 2.) The van used by Defendants "was not a special handicapped vehicle and it was impossible for plaintiff to maneuver his body and to adjust and reposition his body in order to minimize pressure and relieve pressure from his ulcer and bedsores." (*Id.*)

Plaintiff names as defendants the United States and John Doe defendants Bureau of Prisons' (BOP) "Medical Designator" and Mid-Atlantic Regional Medical Designator. He seeks money damages.

## DISCUSSION

The United States of America is the only proper defendant in an FTCA action. *See* 28 U.S.C. § 2679(a), (b)(1). And "[a]ny civil action on a tort claim against the United States under [the FTCA] may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b).

For venue purpose, "district courts in this Circuit have determined that where a prisoner is located does not necessarily establish residence." *Santamaria v. Holder*, ECF 1:11-CV-1267, 38, 2012 WL 566073, at *9 (S.D.N.Y. Feb. 21, 2012), *report and recommendation adopted*, ECF 1:11-CV-1267, 39, 2012 WL 892180 (S.D.N.Y. Mar. 14, 2012); *see, e.g.*, *Spaulding v. Mayorkas*, 725 F. Supp. 2d 303, 308 (D.Conn. 2010) (transferring action to the District of Connecticut based on plaintiff's pre-incarceration residence); *Edme v. District Director, U.S. I.N.S.*, No. 03-CV-0824, 2004 WL 792708, at *2 (S.D.N.Y. Mar.31, 2004) (holding that "[r]egardless of what the rule might be with respect to a very long prison term, it does not appear appropriate to consider Edme as a resident of Beacon, New York because of his temporary incarceration [of up to eight years] there").

Here, it is not clear whether this Court is a proper venue, and if not, which district would be a proper venue. First, Plaintiff does not assert any facts stating where he was incarcerated during the events giving rise to his claims. Second, he does not state where he resides and whether he resided in this District or in some other district before his incarceration. Third, he does not explain why he names an officer from the Mid-Atlantic Region when that region covers several federal districts not including the Southern District of New York.[2]

The Court therefore grants Plaintiff 30 days' leave to amend his complaint to assert facts showing that this District is the proper venue to litigate his FTCA claims. Should the amended complaint suggest that this District is not the proper venue, the Court shall transfer the action to a proper venue.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within thirty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-9339 (CM). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

---

[2] The Mid-Atlantic Region includes eight states. *See* shorturl.at/muPT7.

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   December 3, 2019
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes   ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
        (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____
First Name              Middle Initial        Last Name

_____
Street Address

_____
County, City                        State              Zip Code

_____
Telephone Number                    Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name        Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City        State        Zip Code

Defendant 2:

First Name        Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City        State        Zip Code

Defendant 3:

First Name        Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City        State        Zip Code

Defendant 4: _____

          First Name                    Last Name

          _____

          Current Job Title (or other identifying information)

          _____

          Current Work Address (or other address where defendant may be served)

          _____

          County, City               State          Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          _____
Dated                                        Plaintiff's Signature

_____          _____
First Name              Middle Initial      Last Name

_____
Street Address

_____
County, City                    State               Zip Code

_____          _____
Telephone Number                             Email Address (if available)

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

    If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.